UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELSON M. DE BARROS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 18-503WES |
| | : | |
| FROM YOU FLOWER, LLC; | : | |
| ROBYN FONTAINE & | : | |
| DELIVERY COMPANY CAMBRIDGE, | : | |
| MASSACHUSETTS, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge.

On September 11, 2018, Plaintiff Elson M. De Barros filed a *pro se* complaint together

with a motion for leave to proceed *in forma pauperis* ("IFP").  The IFP motion, which has been

referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A), renders this case subject

to preliminary screening under 28 U.S.C. § 1915(e)(2)(B).  See 28 U.S.C. § 636(b)(1)(B).  Based

on my review of the IFP application, I conclude that Plaintiff satisfies the requirements of 28

U.S.C. § 1915(a)(2), and his IFP motion will be granted by a separate order issued today.  After

my review of the operative pleading,[1] I recommend that, except for Plaintiff's claims against

From You Flower, LLC ("FYF"), the other Defendants should be dismissed for Plaintiff's failure

to state a claim.

The complaint centers on the apparent misdirection of Plaintiff's order for flowers.  ECF

No. 1.  As alleged, in July 2016, Plaintiff placed a flower delivery order through FYF.  Id.; ECF

No. 1-1.  According to Plaintiff, the flowers and the accompanying note were brought to the

---

[1] Because Plaintiff is *pro se*, I liberally construe his filing.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).  Nevertheless, it fails to state a claim.

wrong person; he claims that this error somehow caused him to suffer a variety of damages

including the loss of his job, reputational harm and criminal sanctions. ECF No. 1. The

complaint relies on state law causes of action, including negligence, defamation and slander. Id.

Liberally construing the complaint, Plaintiff bases his case on diversity jurisdiction: Plaintiff's

domicile is Rhode Island, he lists FYF at a Connecticut address and he alleges injury giving rise

to an amount in controversy that exceeds $75,000. See id.; 28 U.S.C. § 1332. In addition to

FYF, Plaintiff's case caption also names "Delivery Company Cambridge, Massachusetts" and

"Robyn Fontaine." However, both of those parties are completely missing from the allegations

stated in the complaint.

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§

1915(e)(2) and 1915A is the same used when ruling on a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6). Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To

survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a

claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at

678. Dismissal under Rule 12(b)(6) is necessary "[i]f the factual allegations in the complaint are

too meager, vague, or conclusory to remove the possibility of relief from the realm of mere

conjecture[.]" Newman v. Lehman Bros. Holdings Inc., 901 F.3d 19, 25 (1st Cir. 2018).

"It is well settled that the caption is not considered part of the pleader's statement of the

claim for purposes of applying the pleading rules." Uzamere v. United States, No. CA 13-505 S,

2013 WL 5781216, at *15 (D.R.I. Oct. 25, 2013), aff'd, (1st Cir. Apr. 11, 2014) (citing Wright &

Miller, 5A Fed. Prac. & Proc. Civ. § 1321 (3d ed.)). A person or entity can be named in the

caption without becoming a party to the action.  United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 935 (2009).  In the absence of substantive allegations, all of the persons and entities who are only named in the caption are not proper parties in this case.  Redondo Waste Sys., Inc. v. Lopez-Freytes, 659 F.3d 136, 140 (1st Cir. 2011) (defendant named in case caption but not mentioned in body of complaint "fails the [Iqbal] plausibility test spectacularly"); Laurence v. Wall, No. CA 09-427 ML, 2009 WL 4780910, at *3 (D.R.I. Dec. 10, 2009) (sweeping allegations regarding conduct of "all defendants" without any additional facts "fail[s] to provide adequate specificity to state a claim against these defendants, especially given plaintiff's misguided choice to name so many defendants").

"Delivery Company Cambridge, Massachusetts" and "Robyn Fontaine" are named in the complaint's caption, but they are omitted from the body of the pleading and the attachment.  See ECF Nos. 1 & 1-1.  This defect in the complaint means potential claims against them "fail[ ] the [Iqbal] plausibility test" because these "captioned defendants [are] not even mentioned in the body of the complaint."  Redondo Waste, 659 F.3d at 140.  I find all allegations against Defendants "Delivery Company Cambridge, Massachusetts" and "Robyn Fontaine" should be dismissed for failure to state a claim under Rule 12(b)(6).  Nevertheless, because Plaintiff may be able to cure some of the deficiencies identified in this report and recommendation, I also recommend that Plaintiff be allowed to file an amended complaint within thirty days of the Court's adoption of this report and recommendation.  See Brown v. Rhode Island, 511 F. App'x 4, 5-7 (1st Cir. 2013).

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a

timely manner constitutes waiver of the right to review by the district judge and the right to

appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008);

Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 1, 2018