UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELSON M. DE BARROS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 18-503WES |
| | : | |
| FROM YOU FLOWER, LLC; | : | |
| ROBYN FONTAINE & | : | |
| DELIVERY COMPANY CAMBRIDGE, | : | |
| MASSACHUSETTS, | : | |
|     Defendants. | : | |

**MEMORANDUM AND ORDER**

Patricia A. Sullivan, United States Magistrate Judge.

Plaintiff's motion for entry of default (ECF No. 21) against the defendant named as "Delivery Company Cambridge, Massachusetts," is denied. Plaintiff did not serve any such entity located in Cambridge, Massachusetts. Rather, he twice served the Human Resources Director of Defendant From You Flower, LLC, which has appeared and answered the complaint. The second summons that was served was directed to From You Flower, LLC, purporting to serve "Delivery Company – via From You Flower, LLC." Such a summons is insufficient to satisfy the Fed. R. Civ. P. 4(a)(1)(B) requirement that the summons must "be directed to the defendant." It also fails to satisfy the constitutional requirement that service of a summons must be completed in a fashion that is reasonably calculated to provide actual notice. Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 315 (1950) ("[W]hen notice is a person's due, process which is a mere gesture is not due process."). Therefore, "Delivery Company Cambridge, Massachusetts" is not a party in this case and neither Clerk's default pursuant to Fed. R. Civ. P. 55(a) nor default judgment pursuant to Fed. R. Civ. P. 55(b)(2) should enter. See Tuckerbrook Alt. Invs., LP v. Banerjee, 754 F. Supp. 2d 177, 182 (D. Mass.

2010) (when "service was again improper, and like the first time, it appears that for this reason the second judgment of default should also be void").

As an aside, the Court notes that, at the Rule 16 conference held on January 30, 2019, Plaintiff was cautioned that the return of service filed on December 14, 2018, made clear that he had failed properly to serve "Delivery Company Cambridge, Massachusetts." Therefore, his filing of a motion that represents that "Delivery Company Cambridge, Massachusetts" had been served is troubling.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 2, 2019