UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| ELSON M. DE BARROS, | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 18-503WES |
| | : |
| FROM YOU FLOWER, LLC; | : |
| ROBYN FONTAINE & | : |
| DELIVERY COMPANY CAMBRIDGE, | : |
| MASSACHUSETTS, | : |
| Defendants. | : |

**MEMORANDUM AND ORDER**

Patricia A. Sullivan, United States Magistrate Judge.

Before the Court is Plaintiff's motion (ECF No. 37) seeking three more weeks to file a response to all decisions made by the Court, as well as to amend his complaint by adding another defendant.[1] Based on the following analysis, both aspects of the motion are denied.

With his respect to the request for more time, Plaintiff has not specified what decision he needs more time to respond to. Accordingly, the Court cannot ascertain whether the time has already run, so that Plaintiff must show excusable neglect, or whether the time has not yet run, so that Plaintiff must show only good cause. Fed. R. Civ. P. 6(b)(1); Providence Piers, LLC v. SMM New England, Inc., No. 12-532-S, 2015 U.S Dist. LEXIS 182002, at *8 (D.R.I. May 13, 2015). While Plaintiff's representation that he was hospitalized for a week and a half would likely amount to good cause, and even excusable neglect, to the extent that the illness overlapped with the time to be extended,[2] it does not aid the Court in this instance in that no information has

---

[1] This motion has been read with the leniency required for all filings of *pro se* litigants. Diaz v. Wall, C.A. No. 17–94 WES, 2018 WL 1224457, at *3 (D.R.I. Mar. 8, 2018).

[2] During the June 4, 2019, telephone conference, Plaintiff told the Court that, in addition to the hospitalization, he has had multiple issues, including an eviction, homelessness, living in a shelter, and the denial of state benefits. Any

been provided about the timing of the hospitalization or regarding how it affected Plaintiff's ability to respond to any specific decision. Accordingly, the motion for more time is denied. Should Plaintiff refile the motion to extend time to respond to a specific decision, the Court will revisit this ruling.

An aside: with increasing urgency, Defendant argues that this motion for more time is part of a pattern of delay to avoid responding to Defendants' discovery. Plaintiff has sought additional time to discharge his obligations as a plaintiff, yet he has continuously been able to file motion after motion.[3] In that regard, the Court reiterates its caution to Plaintiff stated during the June 4, 2019, telephone conference – as a plaintiff, he has an obligation to respond to discovery and, if he continues to fail to do so, there is a risk that his case could be dismissed. While delay for a specified reason is likely to be granted, subject to Defendants' arguments that the delay would cause prejudice, in this case, Plaintiff has sought delays at the same time that he has been actively prosecuting his case. Such activity will undermine an argument that he was incapable of complying with his obligation to respond to discovery during the same period.

With respect to Plaintiff's motion to amend his complaint by adding a new defendant, Plaintiff has failed to attach a copy of the proposed amended complaint, which is a mandatory prerequisite to the granting of a motion to amend. DRI LR Cv 15. For that reason alone, the Court cannot grant the motion. Emrit v. Universal Music Grp., Inc., CA No. 13-181-ML, 2013

---

one of these might present good cause for an extension, but the reason must be clearly and candidly stated and must relate to the time actually sought. Relatedly, Plaintiff represented that he has lost the documents responsive to Defendants' discovery due to homelessness; if true, he still must respond to the discovery requests by identifying the responsive documents and stating the best information he has regarding their present location.

[3] For example, in March 2019, adverting to his lack of money for an attorney and to medical concerns, Plaintiff asked for a ninety-day extension to respond to all discovery, yet he was able to file five motions during the period covered by the requested extension. Nevertheless, on April 8, 2019 (ECF No. 23), he appealed to the District Court from the Text Order allowing only a forty-five-day extension. Text Order of March 22, 2019. Recently, that appeal was overruled and denied. Text Order of June 3, 2019.

WL 3730420, at *1 (D.R.I. July 12, 2013) (motion to amend cannot be granted until plaintiff complies with DRI LR Cv 15 and attaches copy of proposed amended complaint to the motion to amend). More substantively, Plaintiff has provided nothing to establish that the motion would not be futile, in that he has proffered no facts or argument to suggest that he has a viable claim against Michael Chapin, apparently the chief executive officer of Defendant From You Flower, LLC. Petaway v. Duarte, C.A. No. 11-497-ML, 2012 WL 1883506, at *6 (D.R.I. May 22, 2012) (proposed amendment to pleading should not be allowed if the amended complaint would be futile) (citing Foman v. Davis, 371 U.S. 178, 182 (1962) (futility of amendment is reason to deny motion to amend)).

Liberally read, Plaintiff's complaint alleges that he is the victim of a breach of a contract arguably formed in Massachusetts between him and an entity, From You Flower, LLC, which is a limited liability company. Such a claim does not support joinder of Chapin as a defendant merely because he is alleged to be an officer of the entity. See Selfridge v. Jama, 172 F. Supp. 3d 397, 428 (D. Mass. 2016) (limited liability company officers are not generally held personally liable for breach of contract by corporation); Silber v. Carotenuto & Sons Gen. Contractor's, Inc., No. CV980416562, 2000 WL 226378, at *2 (Conn. Super. Ct. Feb. 8, 2000) (status as a corporate officer insulates defendant from plaintiff's breach of contract claims against corporation). Even if Chapin had signed the contract (which he did not), because Chapin is not an individual party to the contract, he cannot be held personally liable for an alleged breach. See McCarthy v. Azure, 22 F.3d 351, 356 (1st Cir. 1994) ("[I]t is settled beyond peradventure that a person signing a contract only in a corporate capacity . . . does not thereby become a party to the agreement."); SJJ Enters., LLC v. ICOA, Inc., No. Civ.A. 04-435-T, 2006 WL 319285, at *2 (D.R.I. Feb. 10, 2006) ("In cases where the officer executes a contract on behalf of the

corporation and has been authorized to do so, the officer cannot personally be held liable for any breach of that contract."). Similarly, Plaintiff's defamation and negligence claims are hollow as applied to Chapin because Plaintiff has failed to allege any facts that point to Chapin's direct involvement in the events giving rise to Plaintiff's alleged injuries. See Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 907 (1st Cir. 1980) ("[M]erely being an officer or agent of a corporation does not render one personally liable for a tortious act of the corporation."); SJJ Enters., LLC, 2006 WL 319285, at *2 ("corporate officer may be personally liable for tortious acts *that he commits*") (emphasis supplied). And last, to the extent that Plaintiff seeks to assert claims grounded in the constitution pursuant to 42 U.S.C. § 1983, it is well settled that officials like Chapin may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Reise v. Wall, No. C.A.04-158 ML, 2004 WL 2287808, at *3 (D.R.I. Sept. 27, 2004). Thus, joinder of Chapin by an amended pleading adding him to the pending claims must be denied as futile.

Based on the foregoing, Plaintiff's motion (ECF No. 37) for more time to file a response to all decisions made by the Court and to add another defendant is DENIED.


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 13, 2019