UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ELSON M. DE BARROS,<br>　　　　　Plaintiff<br><br>　　　v.<br><br>FROM YOU FLOWERS, LLC<br>　AND ROBYIN FOUNTAIN,[1]<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:18-cv-00503-MSM-PAS |

**MEMORANDUM AND ORDER**

Mary S. McElroy, United States District Judge.

　　This matter is before the Court on a slew of motions, filed primarily by the plaintiff, Elson M. De Barros, who proceeds here *pro se*. Two defendants among those originally sued are still before the Court.[2] The principal motions are those of the defendants for summary judgment: From You Flowers ("FYF") seeks judgment on the merits; Ms. Fountain argues that her Chapter 7 no-asset bankruptcy discharged Mr. De Barros' claim. (ECF Nos. 86, 85 respectively.)

---

[1] Ms. Fountain was named in the Complaint as "Robyn Fontaine." Her name was corrected to appear as Robyin Fountain. (ECF No. 36, Text Order of May 20, 2019.)
[2] "Delivery Company Cambridge Massachusetts" was named but never served so is not a party. (ECF No. 102 at 1, n. 1.)

1

I. BACKGROUND

Magistrate Judge Patricia A. Sullivan ("the Magistrate Judge") issued Reports & Recommendations ("R&R") that explained, with a thorough supporting analysis, why both motions should be granted. (ECF Nos. 102, 105.) The factual background and the claims are described in more detail in those Reports and are not belabored here. Mr. De Barros filed two "Motions to Revoke" which the Court construes as Objections to the R&Rs. (ECF Nos. 109, 112). It suffices to say that Mr. De Barros claims personal injury from the alleged negligence of the florist FYF in delivering to his personal physician the flowers and teddy bear he ordered. Mr. De Barros acknowledges he was infatuated with his physician. Ms. Fountain was a supervisor at FYF. Mr. De Barros faults FYF and Ms. Fountain for delivering the flowers to the physician's place of business when she was not present and for creating an opportunity for others at the medical practice to read the accompanying romantic card.[3] In addition to being responsible for his alleged emotional distress, Mr. De Barros contends that the defendants were liable for the criminal prosecution that resulted when the medical practice called the police to complain of his alleged harassing behavior. Mr. De Barros sued based on diversity jurisdiction, 18 U.S.C. § 1332, for negligence, defamation, and intentional infliction of emotional distress (ECF No. 5.)

---

[3] The text of the card, which professes among other flowery compliments that the doctor is "[his] own Paradise [and] the most sacred temple …", was attached to the original Complaint. (ECF No. 1-1 at 1.)

2

## II.     STANDARD OF REVIEW

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug. Inc.,* 895 F.2d 46, 50 (1st Cir. 1990) (quoting Fed. R. Civ. P. 56 advisory committee note.) In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." *Feliciano de la Cruz v. El Conquistador Resort & Country Club*, 218 F.3d 1, 5 (1st Cir. 2000) (citing *Mulero–Rodriguez v. Ponte, Inc.*, 98 F.3d 670, 672 (1st Cir. 1996)).  Summary judgment can be granted only when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The merits of this case do not turn on disputed issues of material fact.  The Court has also been mindful of the special leniency extended to a *pro se* litigant.  *O'Connor v. Yezukevicz*, 589 F.2d 16, 18 (1st Cir. 1978) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## III.     DISCUSSION

In a well-reasoned opinion (ECF No. 102), the Magistrate Judge determined, among other things, that the criminal prosecution was not a foreseeable consequence of any mix-up in delivery and, indeed, that because of Mr. De Barros' conflicting instructions, there was no negligence in delivering the flowers when FYF did.[4]  *R.L.*

---

[4] Mr. De Barros has other problems with a negligence claim.  Neither FYF nor Ms. Fountain had any contact with law enforcement.  It was the medical practice that called the police.  Thus, there appears to be no causation between the actions of FYF and Ms. Fountain and the ensuing criminal prosecution.

*Currie Corp. v. E. Coast Sand & Gravel, Inc.*, 109 N.E.3d 524, 528 (Mass. App. Ct. 2018); *see Selwyn v. Ward*, 879 A.2d 882, 887 (R.I. 2005) (per curiam).[5] As for the defamation count, there was no false statement involved and no evidence that the content of the note was published to anyone other than its intended recipient. *Harrington v. Costello*, 7 N.E.3d 449, 456 n.15 (Mass. 2014) (quoting Restatement (Second) of Torts § 558 (1977)); *Healey v. New England Newspapers, Inc.*, 555 A.2d 321, 324 (R.I. 1989). And, finally, the Magistrate Judge concluded that, even if a claim of intentional infliction of emotional distress could arise from facts such as these, growing out of some sort of invasion of privacy, the note had been broadcast by Mr. De Barros himself to so many people that its content could not reasonably have been considered private. (ECF No. 102.) *Werdick v. Koch*, 721 A.2d 849, 858 (R.I. 1998) (plaintiff must show actual expectation that disclosed fact would remain private); *Nelson v. Salem State Coll.*, 845 N.E. 2d 338, 347-48 (Mass. 2006) (no reasonable expectation of privacy).

Although the Motions for Summary Judgment were unopposed, despite a long period of time given to Mr. De Barros to respond, the Magistrate Judge reviewed the entire record and came to an independent judgment that this lawsuit lacks merit. I have done the same, in keeping with my obligation under Fed. R. Civ. P. 72(b)(3).[6] I

---

[5] The Magistrate Judge's recommendation recognized a choice of law issue and analyzed each claim separately under both Rhode Island and Massachusetts law.

[6] Rule 72(b)(3) requires a district judge to determine de novo "any part of the magistrate judge's disposition that has been properly objected to." Because Mr. De Barros is *pro se*, and his "Motion[s] to Revoke" were not specific as to what portions of the R&R's he contested, I have determined all issues addressed in the R&R's de novo.

agree with the reasoning of the Report & Recommendation ECF No. 102 that there is no genuine issue of disputed fact precluding summary judgment in favor of either of the defendants. They are both entitled to judgment as a matter of law. I therefore adopt R&R ECF No. 102 and, like the Magistrate Judge, extend its benefit to Ms. Fountain as well as to FYF, and GRANT summary judgment to both.[7]

I likewise agree with and adopt the Report & Recommendation of the Magistrate Judge holding that Ms. Fountain is entitled to summary judgment based on the bankruptcy discharge. (ECF No. 105.) She was awarded an Order of Discharge in a Chapter 7 no-asset bankruptcy on April 22, 2020, in the United States Bankruptcy Court for the District of Connecticut. (ECF No. 64.) Mr. De Barros has alleged that he was not listed as a putative creditor and that for that reason the discharge did not extend to any liability this lawsuit might create. That is simply not the case. Ms. Fountain has submitted the bankruptcy court filing, and Mr. De Barros and his lawsuit are listed as an unsecured creditor. (ECF No. 85-2 at 28.) Thus, Mr. De Barros was a "duly scheduled" creditor. *Colonial Surety Co. v. Weizman*, 564 F.3d 526, 531 (1st Cir. 2009).

Mr. De Barros also maintains that he did not receive actual notice of the bankruptcy proceeding because of a change in address. His address on the bankruptcy form, to which the notice was sent, was 43 French Street, Pawtucket,

---

[7] Ms. Fountain's arguments were limited to the bankruptcy discharge, but because she moved for Summary Judgment and because the Court's review has determined that she is entitled to it, summary judgment is granted for her as well as FYF on the merits.

Rhode Island 02860, his mailing address when the Complaint was docketed. The bankruptcy form was filed on January 13, 2020. *Id.* On April 14, 2019, Mr. De Barros had filed a change of contact address notifying the Court that he no longer received mail at 43 French Street but giving no new address. At no time thereafter, until well after the bankruptcy petition was filed, did he formally notify the Court of a different mailing address, and so 43 French Street remained his last known address. (ECF No. 105 at 3.) Moreover, even though he claimed to have been evicted on April 14, 2019, he continued to use that address as a return address at least through the end of June 2019. (ECF No. 45-1).[8]

The notice sent to Mr. De Barros by the bankruptcy court seemed never to have been returned as undelivered. (ECF No. 105 at 3.) There is a presumption that first-class mail sent is received, *McLaughlin v. Astrue*, 443 F. App'x 571, 572 (1st Cir. 2011), and Mr. De Barros has not put forth anything beyond a bald assertion that he did not receive it. The time to have submitted something more than an assertion would have been in response to the Motion for Summary Judgment filed by Ms. Fountain. The combination of the failure of the notice to be returned, the fact that Mr. De Barros continued to use 43 French Street as a return address even after he maintained he no longer lived there, as well as the fact that he supplied no substitute

---

[8] Other addresses later appeared on return envelopes, but he never filed an official change of address after April 2019.

mailing address, satisfies this Court that the notice requirement of the bankruptcy proceeding was met.[9]

I therefore accept the recommendation of the Magistrate Judge that summary judgment because of discharge in bankruptcy be GRANTED to Ms. Fountain.

### IV.   OTHER MOTIONS

There are other motions before the Court, filed by Mr. De Barros.[10]  Two – a Motion to Compel and a Motion for Relief -- are made moot by the granting of summary judgment to the defendants and are DENIED as moot. (ECF Nos. 103, 111). A Motion for Extension of Time to file an Objection (ECF No. 106) was rendered moot by the filing of the Objection and so it is DENIED *pro forma*. Another motion, however, bears special mention.  Mr. De Barros has requested that Magistrate Judge

---

[9] The Magistrate Judge found that actual notice was a disputed fact which might preclude summary judgment. (ECF No. 105 at 7.) She went on, however, to find that notice was unnecessary, noting the adoption by many courts in the Second Circuit and elsewhere that notice need not be given in a no-asset bankruptcy so long as the debt is not nondischargeable. (ECF No. 105, at7- 9). *See In re Mohammed,* 536 B.R. 351, 356-57 (Bankr. E.D.N.Y. 2015) (describing the "mechanical approach," and cases listed therein. She acknowledged that the First Circuit had rejected this line of cases. *Colonial Surety Co.*, 564 F.3d 526, 532 (1st Cir. 2009) (addressing the requirement of scheduling which leads to notice). Here, though, the bankruptcy proceeded in Connecticut, which does not require notice in a no-asset bankruptcy. *In re Refino*, 288 B.R. 320, 322-23 (Bankr. D. Conn. 2003). There is a strong argument to be made, as the Magistrate Judge articulated, that the law where the bankruptcy occurred should govern, as the debtor has no reason to know where a creditor might move and where a diversity lawsuit might end up.  In any event, the Court need not resolve this issue, having found the notice sufficient.

[10] Mr. De Barros' Motion to Correct (ECF No. 114) was granted by separate text order. His "Motions to Revoke" (ECF Nos. 107, 113) are considered Objections to the R&R (ECF No. 105) and are DENIED in this Order.

7

Sullivan be removed from this case. (ECF No. 112.)[11] Because this case could involve further proceedings in this Court, that motion should be addressed. Mr. De Barros has given no reason why the Magistrate Judge should be removed. He accuses her of unfairness and of conspiring with the defendants, but it appears that his sole basis is that she has recommended a disposition not in his favor. The Court finds no merit to the accusations and no basis for the motion. It is therefore DENIED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

Date: October 13, 2021

---

[11] ECF No. 112 was also styled "Motion to Revoke" but has been considered an Objection to the R&R (ECF No. 102) and is DENIED in this Order.